UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MEREDITH J MILLS,

    Plaintiff,

v.                                                        Case No. 8:20-cv-241-SCB-TGW

ANDREW SAUL,
Commissioner of Social Security,

    Defendant.
_____/

## **ORDER**

    This cause comes before the Court for consideration of Plaintiff's complaint seeking review of the decision of the Commissioner of the Social Security Administration (Doc. No. 1). This complaint was considered by the United States Magistrate Judge, pursuant to a specific order of referral. Magistrate Judge Wilson has filed his report recommending that the Commissioner's decision be affirmed and that judgment be entered in favor of Defendant. (Doc. No. 22). All parties were furnished copies of the Report and Recommendation and were afforded the opportunity to file objections pursuant to 28 U.S.C. § 636(b)(1). Objections to the Magistrate Judge's Report were filed by Plaintiff. (Doc. No. 23).

    Plaintiff's Objections are largely non-meritorious and merely restate arguments already considered and properly rejected by the Magistrate Judge.

However, one objection requires further discussion. Specifically, Plaintiff argues that the ALJ erred by failing to consider her work history with respect to her residual functional capacity. In rejecting this argument, the Magistrate Judge opined that Plaintiff's lackluster work history could be viewed as showing that Plaintiff was not interested in working, rather than that she was disabled to an extent that she was unable to hold a job. As one example supporting this assertion, the Magistrate Judge pointed out that Plaintiff did not obtain employment until she was 29 years old.

In her Objections, Plaintiff points out that she continued to receive disability benefits until less than two months before her 29th birthday, and as such, her failure to seek employment during that time cannot be considered to show that she was not interested in working. The Court, in its review of the Report and Recommendation and Plaintiff's Objections thereto, has disregarded the Magistrate Judge's comment on Plaintiff's failure to obtain employment until she was 29. The rest of the Magistrate Judge's analysis supports his conclusion that the ALJ did not err by failing to consider Plaintiff's work history with respect to her residual functional capacity. As such, the Court overrules Plaintiff's Objections.

Thus, after considering the Report and Recommendation and Plaintiff's Objections thereto, and upon this Court's independent examination of the file, it is

determined that the Report and Recommendation (Doc. No. 22) should be adopted (excluding the Magistrate Judge's comment on Plaintiff's failure to obtain employment until she was 29).

Accordingly, it is now **ORDERED AND ADJUDGED** that:

(1) The Magistrate Judge's Report and Recommendation (Doc. No. 22) is adopted and incorporated by reference in this Order of the Court (excluding the Magistrate Judge's comment on Plaintiff's failure to obtain employment until she was 29).

(2) The decision of the Commissioner of the United States Social Security Administration is **AFFIRMED**.

(3) The Clerk is directed to enter judgment in favor of Defendant, to terminate all pending motions, and to close the case.

**DONE AND ORDERED** at Tampa, Florida, this 8th day of February, 2021.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
The Honorable Thomas G. Wilson